UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PATRICK CHANOD and ALANA
CHANOD,

       Plaintiffs,

   -against-

UNITED STATES OF AMERICA,

       Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-2832 (FB) (SMG)

*Appearances*
*For the Plaintiffs:*
ALEKSEY FEYGIN, ESQ.
Mark M. Basichas & Associates, P.C.
233 Broadway, Suite 2707
New York, NY 10279

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
SCOTT R. LANDAU, ESQ.
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff Patrick Chanod brings this action, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., against the United States for injuries he sustained while riding his bicycle in a national park. His wife asserts a claim for loss of consortium. The Government has moved for summary judgment on Chanod's FTCA claim and to dismiss his wife's claim.

**I**

      On August 20, 2011, Chanod was riding his bike in Fort Wadsworth, an area located in the Gateway National Recreation Area ("GNRA") on Staten Island. Chanod hit a speed

1

bump, lost his balance, fell, and sustained injuries including a fractured shoulder, leg, and ribs as well as a collapsed lung. Chanod claims that the United States was negligent in placing the speed bump on the road. His wife claims loss of consortium as a result of the injuries that he suffered. For the reasons that follow, the Court grants summary judgment on Chanod's claim and dismisses his wife's claim.

## II

### 1. *Summary Judgment on the FTCA Claim*

The Court grants summary judgment "whenever it determines that there is no genuine issue of material fact to be tried." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (citing Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

Under the FTCA, the liability of the United States is limited to "circumstances where the United States, if a private person, would be liable to the claimant in *accordance with the law of the place where the act or omission occurred*." 28 U.S.C. § 1346(b)(1) (emphasis added). Thus, New York law governs.

The New York State Recreational Use Statute ("RUS") immunizes property owners from liability when a plaintiff is injured while engaged in one of the statute's enumerated activities. *See* N.Y. Gen. Oblig. Law § 9–103 (titled "No duty to keep premises safe for certain uses; responsibility for acts of such users). The RUS provides that:

2

> [A]n owner, lessee or occupant of premises, whether or not posted as provided in section 11-2111 of the environmental conservation law, owes no duty to keep the premises safe for entry or use by others for . . . bicycle riding . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes.

*Id.* There is no dispute that the United States is the owner and operator of the GNRA and that Chanod was engaged in bicycle riding. Unless an exception under the RUS applies or there is another reason that the RUS does not apply, the United States owed no duty to Chanod and his claim must fail.[1]

Chanod argues that the legislative intent behind the RUS requires the Court to conclude that it does not apply. He relies principally on *Ferres v. City of New Rochelle*, 68 N.Y.2d 446 (1986), which held that where the "*municipality* has already held its recreational facility open to the public and needs no encouragement to do so from the prospective immunity offered by the [RUS]," the statute does not apply. *Id.* at 452 (emphasis added).

*Ferres* was expressly distinguished by *Guttridge v. U.S.*, 927 F.2d 730 (2d Cir. 1991), where the United States—not a state or local municipality—was the defendant. The federal district court had dismissed a complaint brought by a bicyclist who was injured in Saratoga National Historic Park. The Second Circuit explained that "the FTCA defines the liability of the United States in terms of that of a private individual under the law of the state where

---

[1] Chanod mentions two statutory exceptions, but does not argue that either applies. *See* N.Y. Gen. Oblig. Law § 9–103.2 (setting forth exceptions "(a) for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration.").

3

the alleged tort occurred," and not that of a municipality. *Id.* at 732. The court continued:

> [T]he *Ferres* Court effectively carved out an exception from the statute's broad scope for municipalities.
>
> The instant case presents a different issue: whether a *private owner*, assuming identical facts and circumstances, would be entitled to the immunity afforded by section 9–103. Although this may appear to be merely a theoretical exercise, it is the exact analysis that the FTCA directs us to undertake. Thus, only if a private individual would be liable under the facts of this case can the United States be susceptible to a negligence suit. Our review of the applicable case law leads us to conclude that the statute would immunize a similarly situated private owner. . . . Since N.Y. Gen. Oblig. Law § 9–103 would immunize a private person from suit in the instant case, the federal government is similarly immunized. Accordingly, the judgment of the district court is affirmed.

*Id.* at 733-35 (emphasis in original). As in *Guttridge,* the federal government here is immunized by the RUS.

## *2. Loss of Consortium*

Under New York law, a claim for loss of consortium is derivative of the related primary cause. Dismissal of the primary claim requires dismissal of any dependent derivative claims. *See, e.g.*, *Moore v. Ewing*, 781 N.Y.S.2d 51, 55-56 (2004) ( "New York courts . . . consider a parent's claim for loss of services and medical expenses associated with a child's injury to be derivative of the child's claim."); *Jones v. United States*, 720 F.Supp. 355, 369 (S.D.N.Y.1989) ("A claim for loss of consortium is a derivative one, and can only be sustained if defendant is found to have been negligent on the primary claim."). Because Chanod's claim fails, his wife's must be dismissed.

## III

4

For the foregoing reasons, the Government's motion for summary judgment on Chanod's claim is granted and his wife's derivative claim is dismissed.

**SO ORDERED**

    /s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 21, 2014